**IT IS ORDERED as set forth below:**



**Date: September 26, 2017**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| **ANIS TAMRI,** | **16-62119-MGD** |
| Debtor, | CHAPTER 7 |
| **GEORGIA LOTTERY CORPORATION**, | ADVERSARY PROCEEDING NUMBER: |
| Plaintiff, | **16-05254-MGD** |
| v. | |
| **ANIS TAMRI,** | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This case is before the Court on Plaintiff's *Motion for Entry of Default Judgment* ("Motion") filed on June 14, 2017 (Doc. 16). Debtor-Defendant Anis Tamri filed for relief under chapter 7 on July 11, 2016 (Case No. 16-62119, Doc. 1). Debtor received his discharge and his

case was closed on February 28, 2017.[1] Plaintiff commenced the above-styled adversary proceeding against Debtor on October 5, 2016, seeking a determination that Debtor's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) (Doc. 1). The complaint was filed on October 5, 2016, and the summons was issued on October 6, 2016 (Docs. 1 & 3). The certificate of service, filed on October 7, 2016, indicates that the summons and complaint were properly served upon Debtor's bankruptcy counsel, but the zip code for Debtor listed on the certificate of service is "03144," which was incorrect.[2] The deadline to file an answer was November 7, 2016 (Doc. 3). No answer was filed and Plaintiff was directed to seek entry of default on January 11, 2017 (Doc. 5). A request for entry of default was filed on January 24, 2016 (Doc. 7). The Clerk entered default on January 25, 2017. Plaintiff moved for default judgment on January 31, 2017, and served Debtor, who is proceeding without counsel in the adversary, at the address with the incorrect zip code (Doc. 8). Debtor did not file an answer to the default judgment motion; however, this Court found that the summons and complaint, as well as the motion, were not properly served on Debtor and therefore denied the default judgment motion on April 28, 2017 (Doc. 10).

An alias summons with the correct zip code was issued against Debtor on May 3, 2017 (Doc. 12). An amended certificate of service filed on May 3, 2017, indicating that the summons and complaint were properly served upon Debtor and Debtor's bankruptcy counsel (Doc. 13). The deadline to file an answer was June 2, 2017. No answer was filed and Plaintiff filed a request for

---

[1] (Case No. 16-62119, Doc. 27). A timely-filed complaint seeking exception from discharge under § 523(a)(2) can proceed post-discharge, as a court can grant a discharge and subsequently declare that the debt was not discharged. *In re Bandy*, 237 B.R. 661, 663 (E.D. TN. 1999). Here, Plaintiff's complaint was timely and the adversary proceeding can continue. *See* FED. R. BANKR. P. 4004(a).

[2] *See* Doc. 3. The incorrect zip code is also listed on Debtor's Petition (Case no. 16-62119, Doc. 1). The correct zip code is 30144, and is correctly listed as the address on file with the court in the adversary proceeding and the writ of fi fa attached to the complaint as Exhibit C. The incorrect zip code is listed with the address the court has on file in the main case, which was never officially corrected (See Case No. 16-62119, Doc. 1).

entry of default on June 7, 2017 (Docs. 14 & 15). The Clerk of Court entered default on June 8, 2017. Plaintiff filed the Motion on June 14, 2017 (Doc. 16). Debtor has not responded or otherwise sought to set aside the entry of default. Consequently, the Motion is deemed unopposed pursuant to B.L.R. 7007-1(c).

I.   **Facts**

In default, the complaint's factual allegations—except those relating to the amount of damages—are deemed admitted. FED. R. BANKR. P. 7008 (applying FED. R. CIV. P. 8(b)(6)). Plaintiff asserts that the debt owed to it is nondischargeable under § 523(a)(4) of the Bankruptcy Code and seeks to except that debt from discharge in Debtor's chapter 7 case (Doc. 1 at 2, ¶ 5). In support of the relief, Plaintiff cited O.C.G.A. § 50-27-21(a) and alleges the following facts:

1) Debtor, in his capacity as owner and president of TA Shell, executed a retailer contract with Plaintiff on January 6, 2012, and was assigned lottery retailer I.D. number 136274;[3]
2) Per the contract, Debtor agreed deposit the proceeds from the sale of lottery tickets, along with other amounts due to Plaintiff, in a dedicated bank account from which Plaintiff could collect via electronic funds transfer;
3) As a Georgia lottery retailer, Debtor's operations are governed by O.C.G.A. § 50-27-1 et. seq., which provides that lottery ticket sale proceeds constitute a trust in favor of Plaintiff until fully paid to Plaintiff;
4) Debtor has a fiduciary duty to the Plaintiff to preserve and account for lottery proceeds collected, and is liable for such proceeds;[4]
5) Debtor activated, sold, and settled Georgia lottery tickets but failed to deposit the proceeds from the sales and/or settlements into a dedicated bank account for lottery proceeds;
6) Debtor has failed to preserve, account for, or segregate all lottery proceeds into a specially-designated account, and therefore Plaintiff was unable to collect the funds;
7) As of February 2, 2013, Plaintiff's accounting of the remaining balance of the uncollected lottery ticket sale proceeds was $28,779.40;[5]
8) Plaintiff filed suit in the State Court of Cobb County, Civil Action File 13-A-2750, which resulted in a consent judgment between Plaintiff and

---

[3] Attached as Exhibit A to the complaint (Doc. 1).
[4] Citing *Ga. Lottery Corp. v. Huynh (In re Huynh)*, 549 B.R. 421 (Bankr. N.D.Ga. 2016) (Bonapfel, J.).
[5] An accounting summary is attached as Exhibit B to the complaint (Doc. 1).

3

> Debtor, in which the Debtor agreed to pay, in monthly installments, the balance stated above, plus attorney's fees in the amount of $4,316.91 and court costs of $175;[6]
> 9) Between the entry of the consent judgment and the filing of this case, Debtor paid $4,000 towards this obligation and the current balance, inclusive of all attorneys' fees and costs, is $29,271.31; and
> 10) Plaintiff is seeking its remaining debt of $29,271.31 to be excepted from the Debtor's discharge.

(Doc. 1 at 2-4, ¶¶ 4-19). The Debtor has not filed any pleadings contesting any of the above facts. *See* Docket, *passim*.

## II. Analysis

### A. Default Judgment Standard

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, governs the procedures related to entry of default and default judgment. FED. R. BANKR. P. 7055; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 n.14 (11th Cir. 2009). The Court has discretion as to the entry of a default judgment. Rule 55(b) provides that the court *may* enter judgment by default (emphasis added). But, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858, 110 S. Ct. 168, 107 L. Ed. 2d 124 (1989); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, provides that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The Supreme Court has explained that while this

---

[6] Plaintiff recorded the Write of Fieri Facias in the State Court of Cobb County on July 18, 2014. *See* Doc. 1, Exhibit C.

4

does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678. 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The complaint in this case contains sufficient factual allegations to enter default judgment.

    **B.**    **Non-dischargeability Under § 523(a)(4)**

Plaintiff relies on 11 U.S.C. § 523(a)(4) in its complaint. The creditor bears the burden of establishing nondischargeability under § 523(a)(4), and exceptions to discharge should be narrowly and strictly construed. *White v. White (In re White)*, 550 B.R. 615, 620 (Bankr. N.D.Ga. 2016) (Hagenau, J.) (citing *Grogan v. Garner*, 498 U.S. 279, 287-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Section 523(a)(4), in relevant part, excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Thus, to succeed on a claim under § 523(a)(4), "a plaintiff must show that (i) the debtor held a fiduciary position *vis a vis* the plaintiff under a technical, express, or statutory trust; (ii) that the claim arose while the debtor was acting as a fiduciary; and (iii) that the claim is for fraud or defalcation." *White*, 550 B.R. at 621-22 (citing *Gen[.] Ret. Sys. v. Dixon (In re Dixon)*, 525 B.R. 827, 845 (Bankr. N.D.Ga. 2015) (Hagenau, J.)).

    **1.**    **Fiduciary Relationship**

The term "fiduciary relationship" under Section 523(a)(4) "is to be construed narrowly." *White*, 550 B.R. at 621 (citing *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. 1993)). "Section

523(a)(4) requires that the debtor, acting as a fiduciary in accordance with an express or technical trust that existed prior to the wrongful act, committed an act of fraud or defalcation." *White*, 550 B.R. at 621 (quoting *Estate of Newton v. Lemmons (In re Lemmons)*, Bankr. No. 00-70964; Adversary No. 00-6828, 2005 WL 6487216, at *4, 2005 Bankr. LEXIS 2765 (Bankr. N.D.Ga. Dec. 20, 2005) (Diehl, J.)) (internal quotation marks omitted). Such fiduciary relationships can be created by contract or statute that imposes trust-like duties on the defendant and that pre-exists the alleged defalcation. *Quaif*, 4 F.3d at 954-55. The Eleventh Circuit has defined a technical trust as "an express trust created by statute or contract that imposes trust-like duties on the defendant and that pre-exists the alleged defalcation." *Lemmons, 2005 WL 6487216 at *4* (quoting *Guerra v. Fernandez–Rocha (In re Fernandez–Rocha)*, 451 F.3d 813, 816 (11th Cir.2006)) (internal quotation marks omitted).

Here, Debtor entered into a lottery retailer contract with Plaintiff in his capacity as the president and owner of a Georgia Lottery retailer. The contract states that "Retailers shall have fiduciary duty to preserve and account for all proceeds from the sale of lottery Tickets collected by it and shall be responsible and liable for all such proceeds." (Doc. 1, Exhibit A, at *1, ¶ 5). Therefore, the contract expressly created a technical fiduciary trust between Debtor and Plaintiff.

Further, O.C.G.A. § 50-27-1, *et seq.*, creates a statutory trust in favor of the Plaintiff over the proceeds from the sale of lottery tickets and imposes a fiduciary duty upon Debtor, as an officer, to preserve and account for lottery proceeds. "All proceeds from the sale of the lottery tickets or shares shall constitute a trust fund . . . officers of a lottery retailer's business shall have a fiduciary duty to preserve and account for lottery proceeds . . . ." O.C.G.A. § 50-27-21. Therefore, this statutory trust is an express trust and therefore imposes a fiduciary duty upon the Debtor within the meaning of § 523(a)(4).

**2.     Defalcation**

Defalcation "may be used to refer to nonfraudulent breaches of fiduciary duty." *Bullock v. BankChampaign , N.A.*, 569 U.S. 267, 273-74, 133 S.Ct. 1754, 185 L.Ed.2d 922 (2013).

> [W]here the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term requires an intentional wrong. We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent.

*Id.* Thus, for the court to conclude that a debt is nondischargeable due to "fraud or defalcation while acting in a fiduciary capacity," it must find that the either (1) the debtor acted with knowledge of improper fiduciary behavior or (2) that the risks were so obvious that the debtor must have recognized them yet went forward, acting in such a way that its conduct constituted a gross deviation from standards of conduct expected in its fiduciary role. *Id.*

A defalcation for purposes of 11 U.S.C. § 523(a)(4) has occurred if a debtor, who has a fiduciary duty to remit lottery ticket proceeds, fails to do so by failing to comply with the deposit requirements of O.C.G.A. § 50-27-21. *Fernandez-Rocha*, 451 F.3d at 817; *Ga. Lottery Corp. v. Carter (In re Carter)*, Bankr. Case No. 14-58360-MHM, Adv. Proc. No. 14-5212, 2015 WL 1208999, at * 2, 2015 Bankr. LEXIS 910 (Bankr. N.D.Ga. Mar. 5, 2015) (Murphy, J.); *Ga. Lottery Corp. v. Sadler (In re Sadler)*, Bankr. Case No. 04-336898, Adv. Proc. No. 05-3013, 2007 WL 625915, at *3, 2007 Bankr. LEXIS 745 (Bankr. M.D. Ala. Feb. 26, 2007); *Ga. Lottery Corp. v. Thompson (In re Thompson)*, 296 B.R. 563 (Bankr. M.D.Ga. 2003) ("[D]efalcation refers to a failure to produce funds entrusted to a fiduciary, even though the failure may not arise to the level of fraud, embezzlement, or even misappropriation.") (citing *Quaif*, 4 F.3d at 955); *Ga. Lottery Corp. v. Daniel (In re Daniel)*, 225 B.R. 249, 252 (Bankr. N.D.Ga. 1998) (Murphy, J.) (failure to deposit sufficient funds into segregated account and to remit funds to Georgia lottery corporation

constituted a defalcation).

Debtor has failed to deposit the proceeds of the lottery sales into an established account. At the time that that the Debtor failed to deposit said proceeds, he was in a fiduciary relations created by an express, statutory trust, Debtor has not disputed his failure to deposit funds after their receipt, as required by O.C.G.A. § 50-27-21. Debtor has not produced any evidence to explain why he failed to produce proceeds. Therefore, Debtor's failure to deposit the proceeds constitutes defalcation under § 523(a)(4), and such defalcation occurred while the Debtor was acting as a fiduciary for the Plaintiff.

### C.    Authority to Enter Monetary Judgment in Dischargeability Action

In addition to a declaration that the debt owed is excepted from discharge, Plaintiff seeks entry of a monetary judgment against Debtor. Bankruptcy courts have the authority to liquidate debts and enter final monetary judgments on damages in a dischargeability action because (i) "determination of the debt lies within the equitable jurisdiction of the bankruptcy court," (ii) a debtor "by filing bankruptcy has consented to jurisdiction of the bankruptcy court over matters necessary to the determination of adversarial [sic] proceedings," and (iii) interests in judicial economy and efficiency empower a bankruptcy court to "settle both the dischargeability of the debt and the amount of the monetary judgment." *Markwood Invs. Ltd v. Neves* (*In re Neves*), 500 B.R. 651, 659 (Bankr S.D. Fl. 2013) (quoting *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 793 (10th Cir. 2009)).

### III.    Conclusion

The complaint is factually sufficient. While a defendant's default alone does not warrant entering default judgment, here, the complaint contains enough facts to state a plausible claim for relief. Namely, The Georgia statute and the contract between Debtor and Plaintiff created fiduciary

duties to account for and remit the lottery proceeds upon Debtor. Debtor's failure to produce such proceeds constituted defalcation for the purpose of § 523(a)(4) of the Bankruptcy Code. Therefore, the Plaintiff has set forth a plausible claim that the debt owed to Plaintiff is not dischargeable under § 523(a)(4) of the Bankruptcy Code. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment pursuant to 523(a)(4) for is hereby **GRANTED.** Following Rule 58 of the Federal Rules of Civil Procedure, a separate order shall be rendered granting the judgment against Debtor in the amount of $29,271.31, entered contemporaneously with this Order.

The Clerk is directed to serve a copy of this Order upon Plaintiff, Plaintiff's counsel, Debtor, Debtor's counsel, the Chapter 7 trustee and the acting United States Trustee.

**END OF DOCUMENT**